## POLAND v. HOLDEN.
### No. 14555.

Court of Appeal of Louisiana. Orleans.
Jan. 15, 1934.

Charles J. Mundy, of New Orleans, for appellant.

Claude W. Duke, of New Orleans, for appellee.

JANVIER, Judge.

Napoleon Poland, formerly employed as a chauffeur by defendant, Harry Holden, alleges that he was discharged without cause, and that, at the time of the discharge, there was due him wages for one week amounting to $18, and that this amount has never been paid to him.

He avers that he is entitled not only to the said sum, but also to further payments at the rate of $18 per week for each week which has elapsed since his discharge. He bases this contention on Act No. 150 of 1920, under which it is provided that any employer who shall fail to pay a discharged employee within twenty-four hours after the discharge of the employee shall be liable for full wages from the time the employee makes demand until payment is made in full.

Plaintiff alleges that he was discharged at the "end of the second week in July, 1931," and he claims that at the time the suit was filed there was due him $504. It is evident that, if plaintiff's claim is sustained, there will now be due him considerably more than $2,000.

Defendant maintains that Poland was paid in full when he was discharged.

In the district court there was judgment dismissing plaintiff's suit, and he has appealed.

It is shown that defendant employs many persons in his home and in his business, and no reason is given to us which induces the belief that he would single out this and one other employee, who testified in favor of this one, and refuse to pay only these two the small amount which they claim was not paid them when they were discharged.

There is nothing whatever in the record which would justify a holding that the judge a quo has erred in disbelieving plaintiff's most improbable tale.

Counsel for plaintiff has cited a few cases in which judgments have been rendered in favor of domestic servants for unpaid wages. but we fail to see what effect those citations can have here. In those cases the plaintiffs had not been paid, and here the contrary is true. Nor do we see the application here of the biblical quotations in the addenda to plaintiff's brief. Counsel points out that in Leviticus, chapter 19, verse 13, we are told that: "The wages of him that is hired shalt not abide with thee all night until the morning."

Counsel also directs our attention to the twenty-fourth chapter of Deuteronomy, verses 14 and 15:

"Thou shalt not oppress an hired servant that is poor and needy, whether he be of thy brethren, or of the strangers that are in the land within thy gates.

"At his day thou shalt give him his hire, neither shall the sun go down upon it; for he is poor, and setteth his heart upon it; lest he cry against thee unto the Lord, and it be sin unto thee."

In any case in which the servant is oppressed we shall do our utmost to assist in relieving the distress, but this is not such a case.

We believe that the finding of the court below was correct, and it is therefore ordered that the judgment appealed from be, and it is, affirmed.

Affirmed.